## J. T. WHEELER v. J. T. A. BAKER.

**Enforcement of Judgment Lien.**

> One purchasing a judgment which is a lien on land that has
> never been satisfied, will not lose his lien because the judgment
> failed to describe the land; but where the holder has had possession
> of a part of the land, cultivating it before sale to satisfy his lien,
> he is properly chargeable with rents, which should be credited on
> his debt.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 24, 1885.

OPINION BY JUDGE PRYOR:

In this case the appellant, Wheeler, by the assignment from Helm
became the owner of the judgment rendered by the Breckenridge
Circuit Court. That judgment was a lien on the land and has
never been satisfied.

The debtor is asserting no claim for rent against the appellant
and the attaching creditor has failed to sustain his plea of payment.
The proof shows that for three years the farm was rented to Stipp
and Savers. The appellant received no portion of this rent and
merely supervised the affairs of the farm after his brother left.

He rented and cultivated ten acres one year, fifteen acres an-
other, and a third year perhaps twenty acres. He made rails and
placed them on the fences, and made other improvements, and
there is nothing in this record showing that his claim by reason of
the judgment has ever been satisfied. He certainly has not lost his
lien because the judgment failed to describe the land, nor has he
received satisfaction in any other way. This judgment must be
reversed and cause remanded with directions to sell the land giving
the appellant the preference, as his judgment is on the purchase-
money note. It may be credited by the value of the rents of the
land he cultivated, say $120, as of the date of judgment in this case.

All the lienholders should be brought before this court.

Judgment *reversed.*

*Rodman & Brown, for appellant.*
*Russell & Helm, E. S. Ray, E. J. McDermott, for appellee.*